UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:06-CV-160

GUS CUNNINGHAM                                                           PLAINTIFF

v.

TARGET CORPORATION                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Bill of Costs (DN 128). Plaintiff has responded (DN 130) and Defendant has replied (DN 131). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Bill of Costs is GRANTED.

## BACKGROUND

On June 30, this Court granted Defendant Target Corporation's ("Target") Motion for Summary Judgment, dismissing Plaintiff Gus Cunningham's Complaint. Target timely submitted its Bill of Costs, claiming expenses totaling $9,933.17. Cunningham objects to the three categories of costs claimed by Target.

## STANDARD

Federal Rule of Civil Procedure 54(d) provides that a prevailing party is generally allowed to recover its costs, other than attorney's fees. 28 U.S.C. § 1920 specifies what costs may be taxed. Any costs taxed by the Court must be allowed under § 1920, and must be reasonable and necessary in amount. *See BDT Prods, Inc. v. Lenmark Intern., Inc.*, 405 F.3d 415, 417 (6th Cir. 2005). The party objecting to the taxation bears the burden of persuading the Court that taxation is improper. *Id.* at 420.

# ANALYSIS

## I. Filing Fees

First, Target requests that the $250 filing fee it paid when it removed the case to this Court be taxed to Cunningham. Cunningham argues that Target is not entitled to compensation of the removal cost because it was Target's decision to have the case removed from state court. Cunningham does not cite any law supporting his objection.

The Court finds that Cunningham has not satisfied his burden of persuading the Court that taxation of the removal filing fee is improper. 28 U.S.C. 1920(1) allows "[f]ees of the clerk" to be taxed. The Court finds that a removal filing fee is a fee allowed under § 1920(1) and may be taxed as part of costs. *See, e.g.*, *Card v. State Farm Fire & Cas. Co.*, 126 F.R.D. 658, 660 (N.D. Miss. 1989); 77 C.J.S. Removal of Cases § 200.

## II. Deposition Transcripts

Second, Target states that the cost of deposition transcripts it incurred should be taxed to Cunningham. Target described and itemized these costs, totaling $6,182.68:

- $4,014.95 for deposing Gus Cunningham on October 11, 2006, January 3, 2007, and February 17, 2009 and obtaining original deposition transcripts.
- $567.00 to procure transcripts of Lisa Klinglesmith's and Edward Turner's depositions on April 3, 2007.
- $525.70 to procure transcripts of Neil Crowley's and Michael Regan's depositions on April 4, 2007.
- $425.00 to procure the transcript of Kevin Miller's deposition on April 19, 2007.
- $650.03 to procure original transcripts of Lisa Klinglesmith's and Edward Turner's corporate representative depositions on February 19, 2009.

Cunningham argues that taxable costs include only the costs of the original transcript noticed and paid by the prevailing party. He contends that any copies of deposition transcripts procured by Target were done so for its own convenience and not out of necessity. He also states that Target

is only entitled to the cost of the original of Cunningham's first deposition, because Federal Rule of Civil Procedure 30(d) limits depositions to one day of seven hours.

Section 1920 allows "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" to be taxed. 28 U.S.C. § 1920(2), (4). The Sixth Circuit has also recognized that § 1920 authorizes the "taxing as costs the expenses of taking, transcribing and reproducing depositions." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). *But see Grider v. Ky. & Ind. Terminal R.R. Co.*, 101 F.R.D. 311, 312 (W.D. Ky. 1984) (reducing bill of costs because procuring copies of depositions is part of anticipated overhead of practicing law).

Target states the deposition costs were reasonably necessary because they needed a working copy of each transcript. Cunningham identified all the aforementioned individuals in his interrogatory responses and all except Regan in his initial disclosures. All of the deponents were identified as potential witnesses and/or individuals with discoverable information. Target used all of the deposition transcripts in its motion for summary judgment pleadings, except for Crowley's. With regard to Cunningham's deposition, Target states that Cunningham never objected to its length, thus agreeing pursuant to Rule 30(d) to have the deposition continue beyond seven hours.

The Court finds that the transcripts and copies of transcripts obtained by Target were reasonably necessary for use in the case and not merely for the convenience of counsel. The Court agrees with other circuits that have specifically held copies of deposition transcripts may be taxed. *Fogleman v. Arabian Am. Oil Co.,* 920 F.2d 278, 285 (5th Cir. 1991); *Alflex Corp. v.*

*Underwriters Laboratories, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990); *SCA Servs., Inc. v. Lucky Stores*, 599 F.2d 178, 181 (7th Cir. 1979). The practicalities of preparing and submitting a motion for summary judgment that cites to depositions often require that an attorney has ready access to the transcripts and the ability to mark annotations and cross-references on the pages. *See SCA Servs.*, 599 F.2d at 181.

In sum, Cunningham has not persuaded the Court that any of the deposition transcript costs claimed by Target are improper. Cunningham has also not shown that the costs of the second two days of his deposition should not be taxed because he did not object to its length at the time the depositions were taken.

## III. Photocopies

Third, Target requests the following costs, totaling $3,500.49, it incurred for photocopies necessarily obtained for use in the case:

- $20.00 to obtain records from Meijer, Inc., in response to Target's subpoena.
- $40.00 to obtain records from Sears Holdings, in response to Target's subpoena.
- $3,224.54 to photocopy documents that it produced to Cunningham during discovery.
- $130.61 to photocopy documents to produce to Cunningham.
- $85.34 to photocopy deposition exhibits for Cunningham's February 17, 2009 deposition.

Cunningham argues that Target is only entitled to costs of photocopies actually produced to Cunningham in discovery or used in court. Cunningham further states that the photocopy costs for producing documents to him should not be taxed because Target decided on its own to make copies instead of making the originals available for inspection and copying.

Section 1920 allows "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The Court finds that the

copies specified above were reasonably and necessarily obtained for use in the case, and not merely for the convenience of counsel. *See BDT Prods, Inc.*, 405 F.3d at 420. The Court finds that by outlining the purpose of each set of photocopies, the bulk of which were to produce documents to Cunningham, Target has satisfied its burden of demonstrating that the copies were reasonably necessary for use in the case. *See In re Williams Sec. Litig.*, 558 F.3d 1144, 1149 (10th Cir. 2009); EEOC v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000). The Court does not think Cunningham can object now to documents being produced to him by photocopy instead of by inspection when he did not object previously.

The Court finds that Cunningham has not met his burden of persuading the Court that taxation of the photocopies itemized by Target is improper. He does not dispute any particular charge; his general allegations that Target has failed to meet its burden are not sufficient to meet his own.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Bill of Costs is GRANTED.